*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 22, 2023

v

No. 362453
Marquette Circuit Court
LC No. 19-058190-FH

PARKER ANTHONY BRABON,

        Defendant-Appellant.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant, Parker Anthony Brabon, appeals by leave granted[1] the trial court's order denying his motion to restore appellate rights pursuant to MCR 6.428. We affirm.

## I. BACKGROUND

Defendant pleaded *nolo contendere* and was convicted of first-degree home invasion in violation of MCL 750.110a(2). On March 6, 2020, defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 12 to 30 years' imprisonment. The court informed defendant of his right to seek leave to appeal his conviction and sentence and to have an attorney represent him on appeal. Defendant initialed and dated his receipt of the approved State Court Administrative Office (SCAO) form titled, "Notice of Right to Appellate Review and Request for Appointment of Attorney," but he did not request appointment of an appellate attorney at that time.

According to the register of actions, the court did not receive notice of defendant's intent to appeal or a request for appellate counsel until the court received a letter from defendant on August 13, 2021. Defendant stated in the letter that he had "filed an appeal," but he had not "heard anything back," which made him "wonder if [he] might [have] sent it to the wrong place."

---

[1] *People v Brabon*, unpublished order of the Court of Appeals, entered September 8, 2022 (Docket No. 362453).

Defendant requested that the court send him "paperwork" to file an appeal and for a court-appointed attorney.

On September 1, 2021, the trial court appointed Charles B. Covello as defendant's appellate counsel. On November 1, 2021, Covello filed an application for leave to appeal with this Court, and he filed a motion to withdraw defendant's plea in the trial court. After the trial court scheduled a hearing for defendant's motion to withdraw the plea, Covello filed a motion to withdraw defendant's appeal. This Court granted defendant's motion and dismissed defendant's appeal. See *People v Brabon*, unpublished order of the Court of Appeals, entered November 18, 2021 (Docket No. 359127).

After a conference concerning the trial court's jurisdiction, the parties agreed to cancel the hearing on defendant's motion to withdraw his plea. Covello, noting that he had misread the case documents and did not realize that defendant's request for an attorney was untimely, requested that the trial court vacate his appointment as defendant's attorney and appoint a new attorney for defendant. The trial court vacated the order appointing Covello as defendant's attorney and appointed Jennifer J. France as his new attorney.

France filed a motion to restore defendant's appellate rights pursuant to MCR 6.428. After a hearing, the trial court issued an order denying defendant's motion. The court found that there was no basis in the record to conclude that defendant was denied appellate review or appointment of counsel due to errors by counsel, the court, or other factors outside defendant's control. The court maintained the appointment of counsel for defendant and indicated that defendant may pursue recourse under MCR 6.500. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a postconviction motion is reviewed by this Court for an abuse of discretion, and findings of fact are reviewed for clear error. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). An abuse of discretion exists when the trial court selects an outcome that does not fall within the range of reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). Interpretation of a court rule is reviewed de novo. *Id.*

## III. ANALYSIS

Defendant argues that, due to the COVID-19 pandemic and circumstances outside defendant's control, the trial court never received defendant's original request for court-appointed counsel.[2] Additionally, defendant argues that after he wrote a letter to the court and was appointed counsel, defendant's attorney failed to file a timely motion to restore defendant's appellate rights under MCR 6.428. Therefore, defendant argues he was deprived of an appeal through no fault of

---

[2] We note that the parties appear to have construed defendant's assertion in his August 2021 letter that he had "filed an appeal" as an assertion that he had requested that the trial court appoint appellate counsel for purposes of filing an appeal. We assume for purposes of this appeal that defendant claims to have attempted to request the appointment of appellate counsel.

his own, and the trial court improperly denied him the right to have his appellate rights restored under MCR 6.428. We disagree.

MCR 6.428, which governs "Restoration of Appellate Rights," states:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

This version of the court rule took effect on January 1, 2021, and applies retroactively to defendant's 2020 conviction. *People v Byars*, __ Mich App __, __; __ NW2d __ (2023) (Docket No. 357013); slip op at 5. Accordingly, the issue is whether defendant was denied the right to appellate review or the appointment of appellate counsel due to errors by his prior attorney, the court, or other factors outside his control.

Defendant contends that the COVID-19 pandemic and other circumstances outside his control prevented the timely and successful return of his request for appointment of appellate counsel to the trial court. Defendant pleaded *nolo contendere* and was sentenced on March 6, 2020. In accordance with MCR 6.425(F)(2), the court advised defendant of his right to file an application for leave to appeal and to have an attorney represent him on appeal. The court informed defendant that he must make a written request for an attorney within 42 days after sentencing. In accordance with MCR 6.425(F)(3), the court gave defendant a SCAO form titled, "Notice of Right to Appellate Review and Request for Appointment of Attorney" instructing him that the request for an attorney must be filed within 42 days after sentencing. Counsel indicated on the record that defendant had initialed the form. The court retained the copy of the form that defendant initialed and dated, and it allowed defendant to keep a separate copy of the form. Although the "Receipt of Notice" on the form was initialed by defendant, the "Request for Appointment of Attorney" portion of the form was left blank.

Defendant claims on appeal that he "request[ed] an appeal in this matter right after his sentencing within timelines," which was during the start of the COVID-19 pandemic. Defendant argues that the trial court never received his request for an attorney because of the "chaos" and "confusion" brought about by the pandemic. But other than defendant's assertion in his August 2021 letter that he had filed an appeal, he has not established a factual predicate for claiming he requested an appeal. The record lacks any indication that defendant timely filed or attempted to file an appeal or a request for appellate counsel. There is no indication of *what* defendant sent to the court, whether it was the SCAO form provided at sentencing, or something else. There is no indication of *when* he mailed the request, only that it was "within timelines." And there is no indication of *how* he delivered the request, whether by placing it in the outgoing mail, handing it over to a corrections officer, or by some other means.

Further, defendant stated in his letter on August 13, 2021, that he filed an appeal but might have sent it to the wrong place. However, defendant does not say where he sent his appellate paperwork so that the court could determine if he sent it to the wrong place. If he did send it to the wrong place, this would be an error on defendant's part that would not warrant restoration of

his appellate rights pursuant to MCR 6.428. Therefore, the trial court did not clearly err when it found that nothing in the record supported a finding that defendant was denied the right to appellate review or appointment of counsel due to errors by the court or other factors outside his control.

Additionally, we are not persuaded by defendant's argument that the trial court's act of appointing appellate counsel for defendant after receiving his letter showed that the court believed defendant had timely requested appellate counsel. The trial court indicated at the hearing on defendant's motion to restore appellate rights that it did not appoint appellate counsel to defendant because he made a timely request, but because the court has a practice of appointing appellate counsel even when the request is not timely.

Next, defendant argues that after Covello was appointed as defendant's appellate counsel, Covello erred by not reviewing the timeline of the case, not knowing of the existence of MCR 6.428, and not filing a motion to restore defendant's appellate rights. However, Covello's actions did not deprive defendant of his right to appellate review. The latest that defendant could have filed an application for leave to appeal was within six months of the entry of the judgment of sentence on March 6, 2020, per MCR 7.205(A)(2). Because defendant did not request the appointment of counsel within six months, Covello, who was not appointed as defendant's appellate counsel until September 1, 2021, could not possibly have deprived defendant of the right to appellate review. Therefore, the trial court did not clearly err when it found that defendant was not denied the right to appellate review or appointment of counsel due to errors by Covello.

The trial court did not abuse its discretion when it denied defendant's motion to restore appellate rights under MCR 6.428.[3]

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

---

[3] As the trial court noted, defendant may choose to explore postappeal relief to the extent it may be available under MCR 6.500 *et seq*.